Pearson, J.
The defendant, Davidson, acquired nothing by his purchase at the sheriff’s sale, for William Melton had no interest, subject to execution — he had paid on- *196 ]y a part of the purchase money and had a mixed trust and not a pure trust, such as could be sold, nor can his interest be considered as an equity of redemption in any sense of the term. If it could be, an equity of redemption cannot be sold for the mortgage debt. Camp v. Cox, 1 Dev. & Bat. Eq. 52. It is true, that Davidson did acquire the legal title by the deed from Isabella and Jane Ham* by, but he took the deed with full notice of the right of the. plaintiff, and in fact gave a bond of indemnity against that right, in order to get the deed. He therefore took the legal title, subject to the plaintiff’s equity, and the plaintiff must have a decree for a conveyance of the land, upon payment, of the balance of the purchase monej', with interest. The plaintiff is also entitled to the profits, while the land has been in the possession of the defendant, Davidson, as to which there must be a reference. The costs of the judgment at law for the balance of the purchase money, also the costs of this suit, must be paid by the plaintiff. The tender of the balance of the purchase money is not so alleged in the bill, and sustained by the proofs, as to relieve the plaintiff from the general rule, that the fund to be redeemed must pay the costs.
The plaintiff is not liable for the costs incurred in the action of ejectment against William Melton by the defendant, Davidson. Davidson had the legal title, but he knew that the equitable title was in the plaintiff.
Per Curiam.
Decreed accordingly.